IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **JESUS ALBERTO NAJERA BUENOSAIRES,** <br>     Petitioner, <br><br> **v.** <br><br> **MARY DE ANDA-YBARRA**, *Field Office Director of Enforcement and Removal Operations, El Paso Field Office, Immigration and Customs Enforcement*, *et al.*, <br>     **Respondents.** | § § § § § § § § § § § § | EP-26-CV-000173-DB |

## **ORDER**

On this day, the Court considered the above-captioned case. On January 26, 2026, Petitioner Jesus Alberto Najera Buenosaires filed a "Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief," ECF No. 1. Petitioner is detained by U.S. Immigration and Customs Enforcement at El Paso Camp East Montana in El Paso, Texas. *Id.* at 2. He argues his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* at 28. He further asks the Court to prevent his transfer out of the district or out of the United States. *Id.* On January 27, 2026, the Court ordered Respondents not to (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. ECF No. 2 at 3.

Petitioner is a Mexican national who entered the United States in 2004 and has been present in the United States since. *Id.* at 1. Petitioner has held Deferred Action for Childhood Arrivals ("DACA") since 2012. *Id.* at 18. On January 20, 2026, Petitioner was detained by immigration officials in Minnesota without a warrant of arrest and was transferred to Camp East Montana. *Id.*

Among other things, Petitioner argues Respondents' new interpretation of mandatory detention under 8 U.S.C. 1225(b) as applied to him violates his Fifth Amendment procedural due process rights because he has a fundamental liberty interest in being free from official restraint and he is being deprived of an individualized hearing to justify his detention. *Id.* at 19.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Vieira v. De Anda-Ybarra*, No. EP-25-CV-00432-DB, 2025 WL 2937880 (W.D. Tex. Oct. 16, 2025). The Court previously noted it appears from the writ that it should be granted. *See* ECF No. 2. Nonetheless, this Court afforded Respondents three days to respond as to why it should not be, and directed that in so doing, "Respondents should avoid boilerplate arguments this Court has already rejected in one of many immigration habeas cases to date. Absent any new authority, Respondents can safely assume the Court's position on the law has not changed and explain why the facts of Petitioner's case warrant a different outcome." ECF No. 2 at 1–2.

Respondents filed a response on January 30, 2026, ECF No. 3. In their response, Respondents "acknowledge that this Court's prior rulings concerning similar challenges to the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would control the result in this case should this Court follow its legal reasoning in its prior decisions." ECF No. 3 at 2. Respondents disagree with those decisions but ask this Court to incorporate the arguments raised in prior cases[1] for purposes of preserving their

---

[1] *Navarro v. Bondi et. al*, No. 5:25CV1468-FB (W.D. Tex. Dec. 2, 2025); *Moradi v. Thompson et al*, No.5:25CV1470-OLG (W.D. Tex. Dec. 18, 2025); *Reyes v. Thomspon et al*, No.5:25CV1590-XR (W.D. Tex. Dec. 12, 2025); *Acosta-Balderas v. Bondi et al*, No.5:25CV1629-JKP (W.D. Tex. Dec. 11, 2025); *Tisighe v. De Anda-Ybarra et al*, 3:25CR593-KC (W.D. Tex. Dec. 5, 2025);

rights to appeal. *Id.* at 2. Respondents acknowledge that "[s]hould the Court apply the same reasoning it did in those cases to this one, the legal principles espoused in those cases would likely result in the same outcome here." *Id.* at 4. The Court hereby incorporates by reference Respondent's legal arguments in previous cases and understands it is Respondents' right to preserve their arguments for appeal. However, because no new legal arguments were raised and the facts of this case were not distinguished, the same result is warranted in this case.

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Vieira* and this Court's subsequent immigration habeas cases brought by petitioners subject to mandatory detention under the Respondents' new interpretation of 8 U.S.C. § 1225(b), **IT IS HEREBY ORDERED**, Petitioner Jesus Alberto Najera Buenosaires' "Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief," ECF No. 1, is **GRANTED IN PART** on procedural due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL PROVIDE** Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued detention; or (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of their removal proceedings **no later than February 4, 2026.**

**IT IS FURTHER ORDERED** that, if applicable, Respondents **SHALL FILE** an advisory informing the Court when the bond hearing will be held in accordance with the preceding order **no later than February 3, 2026**.

---

*Chauhan v. Noem et al*, 3:25CV574-DB (W.D. Tex. Dec. 8, 2025); *Gvedashvili v. Mooneyham et al*, 6:25CV552-ADA-DTG (W.D. Tex. Dec. 22, 2025).

**IT IS FINALLY ORDERED** that, if applicable, Respondents **SHALL FILE** an advisory informing the Court, in detail, of the reasons for the IJ's bond hearing decision **no later than February 6, 2026.**

**SIGNED** this **2nd** day of **February 2026**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE